IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PLAYTEX PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 08-215-GMS |
| | ) | |
| FRUIT OF THE EARTH, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Fruit of the Earth, Inc. ("FOTE"), defendant in the above-entitled and numbered civil action, responds to the Complaint of Playtex Products, Inc. ("Playtex") as follows:

## ANSWER

1. FOTE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies these allegations.

2. FOTE admits that it is a corporation organized and established under the laws of the State of Delaware. FOTE, however, denies the remainder of the allegations in Paragraph 2.

3. Paragraph 3 contains legal conclusions to which no answer is required. To the extent an answer is required, FOTE admits that the Complaint purports to allege subject matter jurisdiction over its claims under 28 U.S.C. §§ 1331 and 1338. FOTE admits that the Complaint purports to allege claims arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*; and the Lanham Act, 15 U.S.C. § 1051, *et seq.*. FOTE, however, denies the remainder of the allegations in Paragraph 3.

4. Paragraph 4 contains legal conclusions to which no answer is required. To the extent an answer is required, FOTE admits that it is incorporated in the State of Delaware and denies the remaining allegations in Paragraph 4 of the Complaint.

5. Paragraph 5 contains legal conclusions to which no answer is required.

6. FOTE incorporates by reference its answers to Paragraphs 1 through 5 above.

7. FOTE is without knowledge or information sufficient to form a belief as to the truth of the allegation that Playtex is the assignee of United States Patent Number 7,014,842 ("the '842 Patent" or "the Patent-in-Suit"), and of the allegation that Playtex owns all rights, title and interest in and to the '842 Patent, and FOTE therefore denies those allegations. FOTE admits that the '842 Patent issued on March 21, 2006 and that what purports to be a copy of the '842 Patent is attached to the Complaint as Exhibit A.

8. FOTE denies the allegations of Paragraph 8 of the Complaint.

9. FOTE denies the allegations of Paragraph 9 of the Complaint.

10. FOTE denies the allegations of Paragraph 10 of the Complaint.

11. FOTE incorporates by reference its answers to Paragraphs 1 through 10 above.

12. FOTE denies the allegations in Paragraph 12 that Playtex's bottle design is distinctive and memorable to consumers. FOTE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint and, therefore, denies these allegations.

13. FOTE denies the allegations of Paragraph 13 of the Complaint .

14. FOTE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, denies these allegations.

15.     FOTE denies the allegations of Paragraph 15 of the Complaint.

16.     FOTE denies the allegations of Paragraph 16 of the Complaint.

17.     FOTE admits that Kids Sunscreen Continuous Spray Lotion is sold in at least one major chain store, and that what purports to be a photograph of that product is attached to the Complaint as Exhibit C.  FOTE denies the remaining allegations contained in Paragraph 17 of the Complaint.

18.     FOTE denies the allegations contained in Paragraph 18 of the Complaint.

19.     FOTE denies the allegation contained in Paragraph 19 of the Complaint.

20.     FOTE denies the allegation contained in Paragraph 20 of the Complaint.

21.     FOTE denies the allegation contained in Paragraph 21 of the Complaint.

22.     FOTE denies the allegation contained in Paragraph 22 of the Complaint.

## ANSWER TO REQUESTED RELIEF

FOTE denies that Playtex is entitled to any relief, and denies all of the allegations contained in paragraphs (a)-(l) of Playtex's Requested Relief.

## AFFIRMATIVE AND OTHER DEFENSES

FOTE asserts the following affirmative and other defenses and reserves the right to amend its answer as additional information becomes available:

1.     The Complaint fails to state a claim upon which relief can be granted because FOTE has not performed any act and is not proposing to perform any act in violation of any right validly belonging to the Plaintiff.

2.     FOTE does not infringe and has not infringed, directly or indirectly, any valid claim of the Patent-in-Suit, either literally or under the doctrine of equivalents, willfully or otherwise.

3. The Patent-in-Suit is invalid for failing to comply with one or more requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

4. FOTE's accused products do not violate 15 U.S.C. § 1051, *et seq.* with respect to Playtex's purported trade dress rights in the packaging of its products because FOTE's accused products are not likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of FOTE with Playtex, or as to the origin, sponsorship, or approval of FOTE's goods, services, or commercial activities by Playtex.

5. Enforcement of and/or an award of monetary or other damages with respect to the Patent-in-Suit are precluded or limited by laches, equitable estoppel, intervening rights and/or other equitable defenses, including prosecution history estoppel.

6. Playtex is barred in whole or in part from recovering damages for patent infringement based on its failure to comply with the marking requirements of 35 U.S.C. § 287.

7. Playtex's remedies are limited under 28 U.S.C. § 1498(a) and/or 35 U.S.C. §§ 286 and/or 287. Playtex's recovery of costs is limited under 35 U.S.C. § 288. Playtex's claims and/or any award of monetary or other damages are barred, precluded or otherwise limited by estoppel.

8. Playtex cannot demonstrate that it has exclusive or proprietary rights in its alleged trade dress.

9. Playtex cannot demonstrate that its alleged trade dress is inherently distinctive or has acquired secondary meaning.

10. Playtex's alleged trade dress is primarily functional.

## EXCEPTIONAL CASE

11.     This case is exceptional under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

FOTE prays for a Judgment as follows:

A.     Dismissing with prejudice Playtex's claims against FOTE;

B.     Adjudging that FOTE and its products have not infringed and do not infringe, directly or indirectly, any valid claim of the Patents-in-Suit, either literally or under the doctrine of equivalents, willfully or otherwise;

C.     Adjudging that the Patent-in-Suit is invalid;

D.     Adjudging that FOTE and its products are not likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of FOTE with Playtex, or as to the origin, sponsorship, or approval of FOTE's goods, services, or commercial activities by Playtex, and that they do not violate 15 U.S.C. § 1051, *et seq.*;

E.     Denying Playtex's request for damages, costs, attorneys' fees and injunctive relief;

F.     Adjudging and decreeing this case an "exceptional case" within the meaning of 35 U.S.C. § 285 and awarding FOTE the costs of this action and reasonable attorneys' fees to the extent permitted by law; and

G.     Granting FOTE other and further equitable or legal relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

FOTE respectfully requests a trial by jury as to all issues so triable.

                        ASHBY & GEDDES

                        */s/ Steven J. Balick*

                        _____
                        Steven J. Balick (I.D. #2114)
                        John G. Day (I.D. #2403)
                        Lauren E. Maguire (I.D. #4261)
                        500 Delaware Avenue, 8th Floor
                        P.O. Box 1150
                        Wilmington, DE  19899
                        302-654-1888
                        sbalick@ashby-geddes.com
                        jday@ashby-geddes.com
                        lmaguire@ashby-geddes.com

                        *Attorneys for Defendant*

*Of Counsel:*

John A. Dondrea
Jennifer L. Jadlow
SIDLEY AUSTIN LLP
717 N. Harwood, Suite 3400
Dallas, TX  75201
(214) 981-3300
jdondrea@sidley.com
jjadlow@sidley.com

Dated:  May 28, 2008

{00219875;v1}

6